UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 4:14CR219 |
| | ) | |
| Plaintiff-Respondent, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Marvin T. Howard, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant-Petitioner. | ) | |

This matter is before the Court upon petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 32). On October 24, 2014, petitioner pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Petitioner and the government executed a written plea agreement in which petitioner agreed his base offense level was 26, under U.S.S.G. § 2K2.1(a)(1)(A)(i) and (B), which requires that a defendant have two qualifying "crimes of violence." Petitioner's two qualifying predicate convictions were an Alabama robbery conviction and an Ohio conviction for failure to comply. At sentencing, this Court followed the terms of the plea agreement and the presentence report and found petitioner had a base offense level of 26.

Petitioner now seeks to challenge his sentence under *Johnson v. United States*, 135 S. Ct.

2551, 2563 (2015), which struck down the residual clause of the Armed Career Criminal Act's definition of a "violent felony" as void for vagueness. Petitioner argues that his failure to comply offense no longer qualifies as a violent felony under *Johnson*. The Sixth Circuit, however, in *In re Lewis*, No. 15-3915, at *2 (June 29, 2016), held that, as applied to the residual clause of the Guidelines, *Johnson* is not retroactive to cases on collateral review. *See also Carson v. United States*, 5:11 CR 145 (N.D. Ohio May 6, 2016). Petitioner's motion is therefore DENIED.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                                          /s/ Patricia A. Gaughan
                                                         PATRICIA A. GAUGHAN
                                                         United States District Judge

Dated: 7/1/16